PARKER, Judge,
dissenting.
I respectfully dissent. I believe the supreme court in Tito has approved of a procedure when sentencing for a new felony and a violation of probation grounded upon the new felony which requires a trial judge to utilize a single scoresheet which recommends the most severe sanction. I further believe that Grady is inconsistent with the holding in Tito. The procedure which this court outlined in Grady continues to use more than one scoresheet. Grady requires the court to use the scoresheet which recommends the most severe sanction for the sentence on the new felony but restricts the sentence imposed for the violation of probation to the recommended sentence of the original score-sheet with the permitted enhancements for each violation of probation. I disagree with *777 this court’s pronouncement in Grady that this sentencing procedure is in accord with Tito. This ease is clear evidence that Grady and Tito are inconsistent because, as the majority holds, the sentencing scheme utilized in this case complies with Tito but fails to comply with Grady. I do not find Williams persuasive in support of the majority opinion because that case does not indicate that the new offense which caused the violation of probation was before the trial court for sentencing at the same time as sentencing for the violations of probation.
I would affirm the trial court. I, however, agree with the certified question which the majority has posed.